IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NATHANIEL JONES, III | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-155 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Nathaniel Jones, III, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner challenges the constitutionality of prison disciplinary proceedings in case numbers 20220210305 and 20230004613. In both cases, Petitioner was charged with failing to obey orders. Following disciplinary hearings on September 14, 2022, and September 16, 2022, Petitioner was found guilty of both offenses and sanctioned with the loss of privileges and good time earning class. Petitioner appealed the disciplinary convictions through the inmate grievance procedure, but his grievances are still pending.

The Petition

Petitioner contends that his right to due process was violated because he was removed from the hearings without being allowed to give a statement and he was denied the right to call witnesses.

Petitioner alleges the disciplinary hearing officer was not impartial and has a history of denying inmates due process. Petitioner claims that he is being denied access to the courts because he has not been able to review current case law. Finally, Petitioner alleges that he does not have a mattress for his bunk.

### Analysis

*Habeas Claims*

Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). With respect to disciplinary proceedings, protected liberty interests are limited to those punishments that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. As a general rule, the only sanction that imposes upon a liberty interest of an inmate confined in TDCJ-CID is the loss of good time credits for an inmate whose release on mandatory supervision will be delayed by the loss of the credits. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007).

Petitioner reports that he is not eligible for release on mandatory supervision. In addition, Petitioner did not forfeit good time credits as a result of the disciplinary proceedings. Because the sanctions assessed as a result of the disciplinary proceedings will not affect Petitioner's release to mandatory supervision, the sanctions did not impose an atypical or significant hardship in relation to ordinary prison life. In this instance, prison officials were not required to afford Petitioner with

the procedural safeguards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), before assessing punishment.  Therefore, Petitioner's habeas claims should be denied.

*Civil Rights Claims*

Petitioner also challenges the conditions of his confinement and alleges that he has been denied access to the courts.  A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jackson v. Johnson*, 475 F.3d 261, 263 n. 2 (5th Cir. 2007); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).  On the other hand, a civil rights action is the appropriate vehicle to address illegal administrative procedures or the conditions of confinement.  *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981).  To determine whether a prisoner must pursue relief in a civil rights action rather than a habeas petition, the court must consider whether the prisoner challenges the fact or duration of his confinement, or merely challenges the rules, customs, and procedures affecting conditions of confinement.  *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Petitioner's claims concerning access to the courts and deprivation of a mattress do not impact the fact or duration of his confinement.  Because a habeas petition would not provide Petitioner with relief, those claims should be dismissed without prejudice.  *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010).  If Petitioner wishes to pursue the claims, he may do so by filing a civil rights action and paying the $402 filing fee or requesting leave to proceed *in forma pauperis*.

<u>Recommendation</u>

This Petition for Writ of Habeas Corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 2nd day of December, 2022.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE